# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*Plaintiff-Appellant*<br><br>v.<br><br>LETITIA A. JAMES<br><br>*Defendant-Appellee*. | No. 25-4673 |

## DEFENDANT-APPELLEE'S OPPOSITION TO MOTION TO CONSOLIDATE APPEALS AND TO EXTEND THE TIME FOR FILING THE OPENING BRIEF

Defendant-appellee Letitia A. James, the Attorney General of New York, respectfully opposes the government's combined motion to consolidate this appeal with *United States v. Comey*, No. 25-4674, and to seek a 14-day extension of the time to file the opening brief. Though the two cases are related and should be assigned to the same panel for oral argument, the government's request that the separate defendant-appellees file a single consolidated brief is contrary to the briefing procedure below and would be inappropriate given the differences between the arguments raised by Attorney General James and Mr. Comey. Further, a two-week delay would prejudice Attorney General James and is unjustified given the lack of extraordinary circumstances.

## BACKGROUND

On January 21, 2025, U.S. Attorney General Pamela Bondi appointed Erik Siebert as interim U.S. Attorney for the Eastern District of Virginia under 28 U.S.C. § 546.[1] When Mr. Siebert's interim appointment expired after 120 days, *see* 28 U.S.C. § 546(c)(2), the district court judges of the Eastern District of Virginia exercised their appointment authority under Subsection 546(d) and unanimously decided to retain Mr. Siebert as interim U.S. Attorney.[2]

Approximately eight months into Mr. Siebert's tenure, he reportedly informed senior Justice Department officials that there was insufficient evidence to bring fraud charges against Attorney General James, a political opponent of President Trump's whose prosecution the President had long sought.[3] Instead of accepting Mr. Siebert's determination and dropping the prosecution against Attorney General

---

[1] Press Release: Erik Siebert appointed Interim U.S. Attorney for the Eastern District of Virginia, United States Attorney's Office for the Eastern District of Virginia (Jan. 21, 2025), https://perma.cc/SZ2Z-KQ6P.

[2] *In re Appointment of Erik S. Siebert as United States Attorney*, Order of Appointment, United States District Court for the Eastern District of Virginia (May 9, 2025), https://perma.cc/2UM3-LX2X.

[3] Salvador Rizzo et al., *Top Virginia prosecutor resigns amid criticism over Letitia James investigation*, Wash. Post (Sept. 20, 2025), https://www.washingtonpost.com/national-security/2025/09/19/trump-letitia-james-erik-siebert-virginia/.

2

James, President Trump responded by pressuring Mr. Siebert to resign.[4] Mr. Siebert resigned on September 19, 2025.

One day later, President Trump posted a statement on social media urging AG Bondi to prosecute Attorney General James (among others) and to appoint Lindsey Halligan as interim U.S. Attorney for the Eastern District of Virginia, seemingly to carry out that order.[5] Less than 48 hours after President Trump's post, AG Bondi purported to appoint Ms. Halligan as interim U.S. Attorney pursuant to 28 U.S.C. § 546.

Two weeks after her purported appointment as interim U.S. Attorney, Ms. Halligan, alone, appeared before a federal grand jury in the Eastern District of Virginia and secured a two-count indictment charging Attorney General James with bank fraud and making false statements to a financial institution. D. Ct. ECF No. 1.

Attorney General James moved to dismiss the indictment to and enjoin Ms. Halligan from continuing to prosecute the case on the ground that Ms. Halligan, the sole prosecutor who presented the case to the grand jury, was unlawfully appointed in violation of 28 U.S.C. § 546 and the Constitution's Appointments Clause. D. Ct. ECF No. 22.

---

[4] *Id.*

[5] Betsey Klein, *Trump calls on Attorney General Bondi to use power of the Justice Department more aggressively*, CNN (Sept. 20, 2025), https://www.cnn.com/2025/09/20/politics/trump-justice-department-pam-bondi.

3

Chief Judge Diaz designated the Honorable Cameron McGowan Currie, Senior United States District Judge for the District of South Carolina, to decide all motions concerning the eligibility of Ms. Halligan to serve as interim U.S. Attorney for the Eastern District of Virginia. *United States v. Comey*, No. 1:25-cr-272 (E.D. Va. Oct 21, 2025), ECF No. 62. Judge Currie issued an order providing that—"for the purposes of oral argument only"—Attorney General James's motion be consolidated with a motion to dismiss filed by Mr. Comey. D. Ct. ECF No. 26. Pursuant to Judge Currie's order, Attorney General James and Mr. Comey filed separate reply briefs, D. Ct. ECF No. 56, and presented their own oral argument.

On November 24, 2025, the district court ruled that Ms. Halligan's appointment violated both 28 U.S.C. § 546 and Appointments Clause of the U.S. Constitution. D. Ct. ECF No. 140. The district court issued two separate opinions—one which dismissed the indictment against Attorney General James without prejudice, *id.*, and another that dismissed the indictment against Mr. Comey without prejudice, *United States v. Comey*, 1:25-cr-272, ECF No. 213. The district court denied as moot Attorney General James' request to enjoin Ms. Halligan from participating in the prosecution of her case. *Id.*

Rather than immediately appealing the district court's ruling, the government spent several weeks trying to find an alternative route to resuscitate its case against Attorney General James. The government twice attempted to re-indict Attorney

4

General James—first in Norfolk, and later in Alexandria.[6]  Both grand juries returned no true bills.  In bringing those failed indictments, Ms. Halligan flouted the district court's order by—on at least one of the draft indictments—identifying herself as the United States Attorney for the Eastern District of Virginia.[7]  After spending three weeks striking out in its attempts to re-indict Attorney General James, the government filed a notice of appeal in this case on December 19, 2025—25 days after the district court issued its order.  The government's opening brief is currently due on January 26, 2026, which is 63 days after the district court's order and 38 days after the government's notice of appeal.

---

[6] *In re Grand Jury Proceedings December 4, 2025*, No. 2:25-ms-17 (E.D. Va. Dec. 5, 2025), ECF No. 1; *United States v. James*, No. 1:25-dm-13 (E.D. Va. Dec. 15, 2025), ECF No. 1.

[7] *United States v. James*, No. 1:25-dm-13 (E.D. Va. Dec. 15, 2025), ECF No. 1 at 11.  The other draft indictment (Norfolk) was ordered to remain sealed and impounded. *In re Grand Jury Proceedings December 4, 2025*, No. 2:25-ms-17 (E.D. Va. Dec. 5, 2025), ECF No. 1.  Judges of the Eastern District have stricken Ms. Halligan's name from court filings, and, two days ago, Judge David Novak of the U.S. District Court for the Eastern District of Virginia issued an order requiring Ms. Halligan to explain "why her identification [as U.S. Attorney] does not constitute a false or misleading statement." *United States v. Jefferson*, No. 3:25-cr-160 (E.D. Va. Jan. 6, 2026), ECF No. 16 at 2.

5

### I.  This Case Should Not Be Consolidated With *United States v. Comey*

The Court should deny the Government's request to consolidate this case with *United States v. Comey*. Because *United States v. Comey* involves a different defendant who is seeking to raise distinct arguments, Attorney General James would be prejudiced by government's request that she and Mr. Comey be required to file a single consolidated appellee brief.

Mr. Comey's arguments differ from those of Attorney General James in multiple respects, which is why the district court correctly decided to afford each party the opportunity to submit reply briefs and present their own oral argument. The government did not object to that procedure below. Though the two appeals concern the overlapping issue of Ms. Halligan's eligibility to serve as interim U.S. Attorney, Mr. Comey's briefing before the district court devoted substantial attention to a statute-of-limitations issue that is entirely irrelevant to Attorney General James's case. *See United States v. Comey*, 1:25-cr-272, ECF No. 175 at 16-20. Mr. Comey would likely focus similar attention on that issue on appeal, potentially at the expense of developing the arguments that affect Attorney General James. Such an outcome would prejudice Attorney General James's interests as a criminal defendant.

Further, Ms. Halligan's conduct in attempting to re-indict Ms. James presents another issue that is unique to one party. In contravention of the district court's

6

order, Ms. Halligan has continued to represent herself to be the U.S. Attorney for the Eastern District of Virginia. And in that unlawful capacity, she has seemingly supervised multiple attempts to re-indict Attorney General James, identifying herself as the U.S. Attorney for the Eastern District of Virginia in at least one of the two failed indictments. Before the district court, Attorney General James—but not Mr. Comey—specifically requested that the court enjoin Ms. Halligan from acting as interim United States Attorney in the case against Attorney General James. D. Ct. ECF No. 22. The district court ruled that because of its order disqualifying Ms. Halligan from serving as interim U.S. Attorney, the request for an injunction was moot. But under the government's apparent interpretation, the district court's order somehow allows Ms. Halligan to continue to act (and represent herself) as interim U.S. Attorney in attempts to re-indict Attorney General James. Attorney General James intends to devote briefing and argument to the issue of whether the district court's order prohibits Ms. Halligan from unlawfully acting as the United States Attorney for the Eastern District of Virginia in prosecutions of Ms. James.

## II. The Court Should Deny The Government's Requested Extension

Because the government has not articulated "extraordinary circumstances" that would warrant postponing this appeal, L. R. 31(c), the Court should decline to delay the briefing schedule by two weeks. The government requests an extension because of "a long-planned vacation" and "the press of other business in the Office

7

of the Attorney General." Gov't Mot. 5. Neither of those constitutes "extraordinary circumstances," L. R. 31(c), and the government likely was aware of these issues when the district court issued its decision. But rather than appeal immediately, the government—and apparently Ms. Halligan herself—spent weeks trying to re-indict Attorney General James, in contravention of the district court's order. Only after those efforts failed did the government, 25 days after the district court's decision, file a notice of appeal. Especially in light of how the government used the time it had after Judge Currie's order, a long-planned vacation by one attorney should not result in Attorney General James and other criminal defendants in the Eastern District of Virginia being required to wait an additional two weeks for this court to clarify whether they can be prosecuted by Ms. Halligan.

### III. If The Court Consolidates This Case, Ms. James Conditionally Moves For Leave To File A Separate Brief And Moves For Additional Argument Time

If the Court grants the government's request to consolidate the two cases, Attorney General James moves for leave to file a separate brief of 13,000 words, the customary length afforded to an appellee. *See* L. R. 32(a)(7). Attorney General James has good cause for the reasons articulated in this brief: She would be prejudiced by a brief that devotes substantial attention to issues relevant only to Mr. Comey, and she seeks to raise an issue that is unique to her alone. Finally, in the event that the cases are consolidated for oral argument, Attorney General James

8

moves for additional argument time so that the two defendants each have the usual allotted time to adequately present their independent arguments to the Court.[8]

## IV. CONCLUSION

The government's motion for extension of time and consolidation should be denied. If the court grants the motion, however, Attorney General James should be granted leave to file a separate brief and for additional oral argument time.

Dated: January 8, 2025               Respectfully Submitted,

*/s/ Abbe David Lowell*
Abbe David Lowell
LOWELL & ASSOCIATES, PLLC
1250 H Street, N.W., Suite 250
Washington, DC 20005
T: (202) 964-6110
F: (202) 964-6116
ALowellpublicoutreach@lowellandassociates.com

*Attorney for Attorney General James*

---

[8] The government has indicated that if consolidation is granted, it does not oppose an expansion of the oral argument time for the defendants provided that the government gets an equal expansion of its oral argument time.

## CERTIFICATE OF SERVICE

I hereby certify that on January 8, 2026, the foregoing Opposition to Motion to Consolidate Appeals and to Extend the Time for Filing the Opening Brief has been filed via CM/ECF, notifying all counsel of record.

*/s/ Abbe David Lowell*
Abbe David Lowell
