IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LETITIA A. JAMES,<br><br>*Defendant.* | No. 25-4673 |

## REPLY IN SUPPORT OF COMBINED MOTION TO CONSOLIDATE APPEALS AND TO EXTEND THE TIME FOR FILING THE OPENING BRIEF

The United States has moved to consolidate this appeal with *United States. v. Comey*, No. 25-4674, because they raise the exact same issue on the merits and almost the same remedial issues. The United States has also moved for a brief 14-day extension of time for the opening brief. Ordinarily, such modest and common-sense requests, as this Court has generally administered Fourth Circuit Rule 31(c), would be consented-to and granted as a matter of course, and as a matter of professional courtesy. But Ms. James has chosen to oppose them both. Her opposition only confirms that they both should be granted.

As for the extension, Ms. James does not dispute that undersigned counsel will lose two weeks that otherwise would have been available to

1

prepare the opening brief and appendix because of his vacation, and because of the holidays. Instead, Ms. James contends the Court should reject this modest and reasonable extension request because the Government attempted to re-indict this case twice before it decided to appeal. Opp. 7-8. But it was perfectly reasonable for the Government to wait before beginning work on this appeal to see if the indictment in this case was superseded by a new one. A brief extension will also not materially prejudice Ms. James' interest in prompt resolution of this appeal.

As for consolidation, Ms. James (at 6) identifies only one real difference in the issues in this case: a statute-of-limitations argument that applies to Mr. Comey's situation but not hers. The fact that Mr. Comey has only one additional argument, discussion of which occupied barely a page of the district court's 29-page opinion in *United States v. Comey*, *see* Dkt. 213, at 26-27, No. 1:25-cr-272 (EDVA), confirms that the Court need not burden itself with two separate, largely duplicative 13,000-word briefs from the defendants in these cases to resolve them.

The other difference that Ms. James identifies (at 6-7)—that Ms. Halligan represented herself to be the U.S. Attorney in subsequent attempts to indict Ms. James—is irrelevant. This is an appeal from a dis-

2

missal of an indictment that was duly returned by a grand jury. If Ms. James intends to lard her "briefing and argument" with discussion of the irrelevant question of "whether the district court's order prohibits Ms. Halligan from unlawfully acting as the United States Attorney for the Eastern District of Virginia in prosecutions of Ms. James," Opp. at 7, in other instances, then that only confirms that Ms. James should be required to file a single joint brief together with Mr. Comey.

Although irrelevant to this appeal, Ms. James is quite wrong to level the serious charge that "Ms. Halligan flouted the district court's order," Opp. 5, in continuing to use the title of U.S. Attorney after the district court's decision to dismiss the indictment without prejudice. Ms. James overlooks that the district court *denied* her request to enjoin Ms. Halligan from participating in the prosecution of her or anyone else in the Eastern District of Virginia. Dkt. 140, at 25. Ms. James also ignores that the district court's order did not disturb, on a prospective basis, Ms. Halligan's separate appointment by the Attorney General as Special Attorney authorized to conduct this prosecution, *see* Dkt. 140, at 7—an appointment that was not in place when Ms. Halligan participated in the indictment at issue in this appeal.

3

.

## CONCLUSION

The Court should consolidate this appeal with *United States v. Comey*, No. 25-4674, and extend the deadline for the opening brief and appendix by 14 days.

Respectfully submitted,

/s/ Henry C. Whitaker_____

Henry C. Whitaker
Counselor to the Attorney General
950 Pennsylvania Ave. NW Rm. 5134
Washington, D.C. 20530
Tel: (202) 445-8942
henry.whitaker@usdoj.gov

4

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

/s/ Henry C. Whitaker_____

Henry C. Whitaker
Counselor to the Attorney General