**U.S. Department of Justice**

*Washington, D.C. 20530*

August 25, 2026

Hon. Nwamaka Anowi, Clerk
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street Suite 501
Richmond, VA 23219

Re: *United States v. James*, No. 25-4673 (L)

Dear Ms. Anowi:

James Comey, Jr., one of the defendants in these consolidated appeals, has noticed as supplemental authority *United States v. Jackson*, 2026 WL 2387099 (9th Cir. Aug. 17.).

In *Jackson*, the Ninth Circuit held that Sigal Chattah, the First Assistant U.S. Attorney for the District of Nevada, is ineligible to be the Acting United States Attorney for that district under the Federal Vacancies Reform Act of 1998, because she was not the incumbent First Assistant at the "discrete moment in time" the last Senate-confirmed U.S. Attorney in that district resigned. 2026 WL 2387099, at *7. The court also ruled that Ms. Chattah's separate delegation to run that office in her capacity as First Assistant unlawfully made her a "de facto U.S. Attorney." *Id.* at *11.

Although those holdings have no relevance to these appeals, Mr. Comey in his supplemental authority letter points to a passage in the background section of the *Jackson* opinion, in which that court described the operation of 28 U.S.C. § 546, the statute providing for an appointment of an interim U.S. Attorney, "in the same way Mr. Comey does in this case." But the question in these appeals—whether the period during which the Attorney General can make appointments under § 546(a) is limited to a single 120-day period—was not at issue in *Jackson*. The Attorney General did not appoint Ms. Chattah to another term after the expiration of the 120-day period after her first appointment under § 546(a). 2026 WL 2387099, at *2. For good reason, then, the government in *Jackson* did not present the Ninth Circuit with any of the detailed textual and structural arguments about § 546 that it has in these cases. The Ninth Circuit's unreasoned and gratuitous discussion of § 546 has no bearing on how the Court should address those arguments in these cases.

Respectfully submitted,

s/ *Henry C. Whitaker*
Counsel for the United States

cc: All counsel in the case, via ecf.