**U.S. Department of Justice**

*Washington, D.C. 20530*

August 25, 2026

Hon. Nwamaka Anowi, Clerk
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street Suite 501
Richmond, VA 23219

Re: *United States v. James*, No. 25-4673 (L)

Dear Ms. Anowi:

James Comey, Jr. has noticed another decision as supplemental authority: *In re Grand Jury Subpoenas*, 2026 WL 245085 (2d Cir. Aug. 21.).

In that case, a divided panel of the Second Circuit held that John A. Sarcone III, the First Assistant U.S. Attorney for the Northern District of New York, was not lawfully serving as the Acting United States Attorney for that district under the Federal Vacancies Reform Act of 1998, because he was not the incumbent First Assistant at the "instant at" the last Senate-confirmed U.S. Attorney in that district resigned. 2026 WL 245085, at *7. The court also ruled that Mr. Sarcone's separate delegation to run the office in his capacity as First Assistant unlawfully made him a "de facto U.S. Attorney." *Id.* at *12. Judge Park dissented. *See id.* at *17-*26.

Mr. Comey stretches to find support in "two aspects" of those holdings. "First," he says, "the court interpreted the FVRA in a manner that safeguards Congress's Appointments Clause power." But that general theme of the Second Circuit's opinion has little to say about whether the specifics of a different statute, 28 U.S.C. § 546, authorized Ms. Halligan's appointment here.

Second, Mr. Comey relies on the Second Circuit's conclusion that the district court in that case correctly quashed two grand jury subpoenas that Mr. Sarcone had issued when he purportedly lacked any authority to do so. A lone prosecutor's unilateral issuance of a grand jury subpoena without authority, however, is a world apart from a fully empowered grand jury's decision to indict—which is why the government in the Second Circuit appeal conceded that the subpoenas had to be quashed if the court concluded that Mr. Sarcone

indeed lacked authority to issue them. *See* 2026 WL 245085, at *15 (citing government's brief). Here, by contrast, any error in Ms. Halligan's appointment under § 546 had no bearing, either legally or factually, on the propriety of the grand jury proceedings, errors in which are subject to harmless error review, the de facto officer doctrine, and the doctrine of ratification. *See* U.S. Br. 37-55.

Respectfully submitted,

s/ *Henry C. Whitaker*
Counsel for the United States

cc: All counsel in the case, via ecf.